*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| SILVER BOW CONSTRUCTION, | ) | |
| | ) | Supreme Court No. S-15087 |
| Appellant, | ) | |
| | ) | Superior Court No. 1JU-11-01010 CI |
| v. | ) | |
| | ) | O P I N I O N |
| STATE OF ALASKA, | ) | |
| DEPARTMENT OF | ) | No. 6928 – July 25, 2014 |
| ADMINISTRATION, DIVISION | ) | |
| OF GENERAL SERVICES, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Juneau, Louis J. Menendez, Judge.

Appearances: Jack B. McGee, Law Office of Jack B. McGee, Juneau, for Appellant. Jessica M. Alloway, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

BOLGER, Justice.

## I.     INTRODUCTION

The Department of Administration, Division of General Services (Division) accepted a 15-page response to a request for proposals for renovations to the Governor's House. The request stated that responses should not exceed 10 pages. Silver Bow

Construction, a competing bidder, argues that this variance from the request obligated the Division to reject the 15-page response. Because the Division reasonably concluded that this variance did not give the 15-page response any substantial advantage, we affirm the superior court's decision to uphold the Division's decision to accept this response.

## II. FACTS AND PROCEEDINGS

In November 2010 the Division issued a request for proposals to perform exterior renovations to the Governor's House in Juneau. The request imposed specific submission requirements and guidelines. Paragraph 8 of the request included the instructions relevant to this appeal, and required the companies to

> [a]ttach criteria Responses (**EXCEPT** PRICE PROPOSAL) to the Contractor's Technical Proposal (Section 00313). The maximum number of attached pages (each printed side equals one page) for criteria Responses shall not exceed: **10 pages**.[1]

Paragraph 8 warned that "Criteria Responses which exceed the maximum page limit or otherwise do not meet requirements stated herein, may result in disqualification."

Four companies submitted proposals: Alaska Commercial Contractors, Inc., Silver Bow Construction Co., North Pacific Erectors, and JKM General Contractors LLC. Alaska Commercial submitted a 15-page proposal, JKM submitted an 11-page proposal, Silver Bow submitted a 10-page proposal, and North Pacific submitted a 7-page proposal.

The procurement officer for the Division accepted and reviewed all four proposals. The procurement officer concluded that Alaska Commercial's proposal did not contain more substance than the others, that it was not in the State's best interest to "needlessly reduce competition" by disqualifying acceptable proposals "strictly on form," and that all four proposals had technical deficiencies. When the Division

---

[1]     Emphasis in original.

subsequently performed a word count, it found that Silver Bow's proposal had 6,226 words, while Alaska Commercial's proposal had 5,773 words.[2]

A six-person evaluation committee then reviewed the proposals on four technical criteria (Project Understanding and Methodology, Management Plan for the Project, Experience and Qualifications, and Schedule) and two price criteria (Alaska Offeror Preference and Price Proposal). Each committee member rated Alaska Commercial's as the best proposal in each technical criterion, and their combined scores also rated that proposal as the best overall under the technical criteria.

After this round of independent scoring and some group discussion, the committee members again independently re-scored the proposals. Alaska Commercial's proposal still scored the highest overall under the technical criteria, receiving 1,960 points out of 2,100. In comparison, North Pacific received 1,025 points, Silver Bow received 995, and JKM received 800. The Division awarded the contract to Alaska Commercial.

Silver Bow filed a protest under AS 36.30.560, arguing that Alaska Commercial's 15-page proposal was nonresponsive and should be disqualified. The Division denied Silver Bow's protest, explaining that the page count was a matter of form.

Silver Bow appealed the denial of its protest to the Commissioner of the Department of Administration, and the case was referred to the Office of Administrative Hearings. An administrative law judge denied Silver Bow's appeal, noting that Silver Bow's proposal contained more words than Alaska Commercial's, that Alaska Commercial's additional pages were based on larger font size and margins, and that the

---

[2]     JKM's proposal had 5,606 words and North Pacific's proposal had 3,411 words.

greater number of pages had no effect on the evaluation. The judge rejected Silver Bow's contention that the greater number of pages in Alaska Commercial's proposal made it a more persuasive or effective document. The judge also rejected Silver Bow's similar argument that the length of Alaska Commercial's proposal explained the higher ratings.

Silver Bow appealed the administrative decision to the superior court. The superior court found that the Division did not abuse its discretion, and the court rejected Silver Bow's claim that the Division's decision violated equal protection. Silver Bow now appeals to this court.

## III. STANDARD OF REVIEW

"When the superior court acts as an intermediate court of appeal in an administrative matter, we independently review the merits of the agency's decision."[3] "When an agency interprets and applies its own regulations, we review its determination to ensure it is not arbitrary, unreasonable, or an abuse of discretion."[4] In particular, we "review an agency's determination of responsiveness under the reasonable basis standard."[5] We substitute our judgment for that of the agency when interpreting the Alaska Constitution.[6]

---

[3] *Powercorp Alaska, LLC v. State, Alaska Indus. Dev. & Exp. Auth.*, 171 P.3d 159, 163 (Alaska 2007) (citing *Williams v. Abood*, 53 P.3d 134, 139 (Alaska 2002)).

[4] *Id.* (citing *J.L. Hodges v. Alaska Constructors, Inc.*, 957 P.2d 957, 960 (Alaska 1998)).

[5] *Laidlaw Transit, Inc. v. Anchorage Sch. Dist.*, 118 P.3d 1018, 1032 (Alaska 2005) (citing *Gunderson v. Univ. of Alaska, Fairbanks*, 922 P.2d 229, 233 (Alaska 1996); *State, Dep't of Admin. v. Bowers Office Prods.*, 621 P.2d 11, 13 (Alaska 1980); *Kelly v. Zamarello*, 486 P.2d 906, 917 (Alaska 1971)).

[6] *Koyukuk River Basin Moose Co-Mgmt. Team v. Bd. of Game*, 76 P.3d 383,
(continued...)

## IV. DISCUSSION

### A. The Division Did Not Abuse Its Discretion When It Concluded That Alaska Commercial's Proposal Was Responsive.

Alaska Statute 36.30.250(a) provides that

> [t]he procurement officer shall award a contract under competitive sealed proposals to the responsible and responsive offeror whose proposal is determined in writing to be the most advantageous to the state taking into consideration price and the evaluation factors set out in the request for proposals.

A bid or proposal is considered nonresponsive if it "does not conform in all material respects to the solicitation."[7] A variance is "material if it gives one bidder a substantial advantage over other bidders and thereby restricts or stifles competition."[8]

Silver Bow argues that Alaska Commercial's bid did not conform to the request for proposals because the bid exceeded the 10-page limit, giving it a substantial advantage. Silver Bow contends that one bidder has a substantial advantage over another bidder if the other bidder could have made a "better proposal" if it had been granted the same variance — in this case, extra pages in the proposal. According to Silver Bow, Alaska Commercial gained "a substantial advantage" that the other offerors did not have because Alaska Commercial used extra pages in its bid.

---

[6] (...continued) 386 (Alaska 2003) (citing *Native Vill. of Elim v. State*, 990 P.2d 1, 5 (Alaska 1999)).

[7] 2 Alaska Administrative Code (AAC) 12.990(a)(9) (2013); *Laidlaw Transit*, 118 P.3d at 1032.

[8] *Laidlaw Transit*, 118 P.3d at 1032 (internal quotation marks omitted) (citing *McBirney & Assocs. v. State*, 753 P.2d 1132, 1136 (Alaska 1988)).

Silver Bow relies on *Toyo Menka Kaisha, Ltd. v. United States* (*Toyo*).[9] In that case, the solicitation required bidders to purchase surplus rice from the United States government "as is."[10]  Toyo's bid was nonresponsive because it required the government to guarantee that the rice was fit for human consumption, a warranty that the solicitation had specifically disclaimed.[11]

Unlike Toyo, Silver Bow does not argue that Alaska Commercial inserted terms that changed the substantive requirements of the request for proposals.  Rather, Silver Bow argues that the extra pages allowed Alaska Commercial to submit a better proposal.  But the word count revealed that the most content was actually submitted by Silver Bow.  In other words, the page limit did not put Silver Bow at any substantial disadvantage.  Under these circumstances, the Division could reasonably conclude that the variance in the number of pages was not material.

Silver Bow also argues that Alaska Commercial's proposal should have been rejected because the request for proposals cautioned that proposals that did not adhere to the page limit could be disqualified.  But Paragraph 8 of the request states: "Responses which exceed the maximum page limit or otherwise do not meet requirements stated herein, *may* result in disqualification."[12]  The use of the word "may" indicates that the Division had the discretion to decide whether a failure to comply with this requirement could be a basis for disqualification.[13]  As noted above, when the

---

[9]  597 F.2d 1371 (Ct. Cl. 1979).

[10]  *Id.* at 1374.

[11]  *Id.* at 1378.

[12]  Emphasis added.

[13]  *See State, Dep't of Transp. & Pub. Facilities v. Sanders*, 944 P.2d 453, 457 (continued...)

Division exercised this discretion, it had a reasonable basis to conclude that Alaska Commercial's proposal was responsive.

**B.    The Division Did Not Violate Silver Bow's Right To Equal Protection.**

Article I, section 1 of the Alaska Constitution provides in part "that all persons are equal and entitled to equal rights, opportunities, and protection under the law[.]"  A threshold question in an equal protection challenge "is whether similarly situated groups are being treated differently."[14]  So "[w]here there is no unequal treatment, there can be no violation of the right to equal protection of law.  In the absence of any evidence of disparate treatment, there is no basis for an equal protection claim."[15]

Silver Bow argues that the Division treated Silver Bow differently when it accepted Alaska Commercial's 15-page proposal.  But each bidder had some deficiency in its proposal — such as excess pages or unqualified subcontractors — which could have been grounds for disqualification.  The Division considered all of these deficiencies and reasonably decided to accept all of the proposals.

The Division treated Silver Bow's proposal the same as Alaska Commercial's proposal; in both cases the Division reasonably decided to accept a deficient proposal.  The superior court properly concluded that there was no equal protection violation because the record lacks any evidence of disparate treatment.

---

[13](...continued)
(Alaska 1997).

[14]     *Black v. Municipality of Anchorage, Bd. of Equalization*, 187 P.3d 1096, 1102 (Alaska 2008) (citations omitted); *State v. Schmidt*, 323 P.3d 647, 660 (Alaska 2014).

[15]     *Black*, 187 P.3d at 1102 (alteration in original) (quoting *Matanuska–Susitna Borough Sch. Dist. v. State*, 931 P.2d 391, 397 (Alaska 1997)) (internal quotation marks omitted); *Schmidt*, 323 P.3d at 660.

## V.    CONCLUSION

We AFFIRM the superior court's decision upholding the decision of the Department of Administration.